**IT IS ORDERED**

**Date Entered on Docket: November 9, 2021**



_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

IN RE:

Evon Adi,
Debtor

Case No. 21-10843-ta7

## STIPULATED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter came before the court on the stipulation of relief from the automatic stay and abandonment, between the Creditor, Select Portfolio Servicing, Inc., as servicing agent for SMRF Trust II ("Creditor"), and the Debtor, Evon Adi ("Debtor"), by and through their respective attorneys of record, and the Chapter 7 trustee.

The Court, having reviewed the agreement as expressed in this Stipulated Order and being otherwise sufficiently informed, FINDS:

(a)  The Court has jurisdiction over the parties and the subject matter of this Stipulated Order.

(b)  On 8/6/2021, Creditor served the Motion for Relief from Stay and Abandonment of Property ("Motion") (Doc. 16) and Notice of Deadline to File Objections to the Motion (Doc. 17) on Leslie D. Maxwell, counsel for the Debtor and the case trustee ("Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3), and NM

LBR 9036-1, and on the Debtor by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

    (c) On 8/13/2021, the Debtor filed a Response to the Motion (Doc. 20).

    (d) The Motion relates to the following property:

Lot numbered Six (6) in Block numbered Twenty (20) of Tract 2, Unit 1, North Albuquerque Acres, Bernalillo County, New Mexico, as the same is shown and designated on the Plat of said Subdivision, filed in the office of the County Clerk of Bernalillo County, New Mexico on March 23, 1931, in Map Book D, Folio 130.

Commonly known as 11610 Holly Ave NE, Albuquerque, NM 87122 ("Property").

    (e) The parties wish to stipulate to the stay relief effective 2/6/2022, as provided in this Stipulated Order.

    (f) No notice to other creditors of the stay relief is necessary.

**IT IS THEREFORE ORDERED:**

1. The Motion for relief from stay is hereby granted, the Property is not abandoned, and pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay effective 2/6/2022:

    (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable nonbankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as defendants in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

3. This Order does not waive Creditor's claim against the estate for any Deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim in this bankruptcy case within

File No. NM-21-166241
Stipulated Order for Relief from the Automatic Stay, Case No. 21-10843-ta7
Case 21-10843-t7    Doc 37    Filed 11/09/21    Entered 11/09/21 15:40:54 Page 2 of 3

30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Property.

4. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. This Stipulated Order shall be binding and effective upon any conversion of this case to another chapter under the Bankruptcy Code.

8. The final hearing on the Motion currently scheduled for 11/8/2021 at 1:30 PM is hereby vacated.

### End of Order ###

RESPECTFULLY SUBMITTED AND AGREED TO BY:

McCarthy & Holthus, LLP

By /s/ Jason Bousliman
Jason Bousliman, Esq.
Attorney for Creditor
6501 Eagle Rock NE, Suite A-3
Albuquerque, NM 87113
(505) 219-4900
jbousliman@mccarthyholthus.com

AGREED TO BY:

By [signature] Digitally signed by Leslie Maxwell Date: 2021.11.05 13:45:47 -06'00'
Leslie D. Maxwell
Attorney for Debtor
Maxwell & Gilchrist, P.C.
7007 Wyoming Blvd. NE, Ste A-1
Albuquerque, NM 87109
(505) 999-1962

By /s/ Philip J. Montoya via email on 11/5/2021
Philip J. Montoya
Trustee
1122 Central Ave SW Ste #3
Albuquerque, NM 87102
(505) 244-1152

File No. NM-21-166241
Stipulated Order for Relief from the Automatic Stay, Case No. 21-10843-ta7
Case 21-10843-t7    Doc 37    Filed 11/09/21    Entered 11/09/21 15:40:54 Page 3 of 3